UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JERRELL INMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>M. E. SPEARMAN, Warden; et al.,<br><br>    Defendants.<br>                                        / | No. C 15-1767 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Ronald Jerrell Inman, a prisoner at the Correctional Training Facility in Soledad ("CTF-Soledad"), filed a *pro se* civil rights action under 42 U.S.C. § 1983 complaining of conditions of confinement at the prison. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Inman alleges the following in his complaint: Inman "has an allergic reaction to fresh and freshly cooked onions and when he injests (sic) onions, his gastrointestinal system reacts adversely." Docket # 1 at 3. The California Department of Corrections and Rehabilitation ("CDCR") is and has been aware of his allergy since his incarceration began in 2002, but CTF-Soledad has refused to provide him with an onion-free diet since he first requested it in 2012, although other inmates with food allergies have received special diets. Inman filed inmate appeals and then filed petitions for writ of habeas corpus in the California courts, all of which were unsuccessful. Inman requests damages and injunctive relief.

Inman also alleges a claim for a violation of his rights under HIPAA, the Health Insurance Portability and Accountability Act of 1996. He alleges that, during his state court challenge to prison officials' refusal to provide him an onion-free diet, Steven J. Bechtold, an attorney for the CDCR in those proceedings, sent to the superior court and four other parties a "4-page psychiatric report" "in order to discredit and/or smear [Inman's] credibility without [Inman's] written or verbal permission to do so." Docket # 1 at 5. Inman alleges that, before this psychiatric report was written by CTF staff, he "was seen by Dr. Balch for a depressive disorder so due to the fraudulent nature of the report, Plaintiff believes that the Court denied his habeas corpus petition." *Id.* Inman filed an inmate appeal regarding this issue, then filed a claim with the Victim Compensation and Government Claims Board of California, and then filed a civil action on March 10, 2015 in the Monterey County Superior Court against Bechtold for violations of state and federal law, including HIPAA.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2

A.     Onion Allergy Claim

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective prong of the deliberate indifference test in a medical care claim, the plaintiff "must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted). For the subjective, or "deliberate indifference" prong, the plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citation and internal quotation marks omitted).

Inman has adequately alleged a claim for deliberate indifference to his serious medical needs but has not linked any defendant to it. He names only the warden as a defendant for this claim, but alleges nothing to suggest that the warden played any part in the decision-making. The inmate appeals attached to the complaint do not indicate the warden played any role in the decision-making. *See* Complaint, Ex. C.

Inman must file an amended complaint in which he alleges facts showing the basis for liability for each individual defendant he proposes to hold liable. If he wants damages from individual defendants, he must identify each proposed defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). If he only wants injunctive relief, he does not have to establish the same narrow causal connection between his injuries and a responsible defendant as when seeking damages

3

from an individual, *see Leer*, 844 F.2d at 633, but nonetheless must show some connection between the alleged violation of his constitutional right and defendant's actions. Inman is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

B.     HIPAA Claim

The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. 104-191, 110 Stat. 1936, 29 U.S.C. §§ 1181 et seq., 42 U.S.C. §§ 30gg and 1320d et seq. includes limits disclosure of certain medical records, *see* 42 U.S.C. § 1320d-1; 45 C.F.R. § 164.508. HIPAA "provides no private right of action." *Webb v. Smart Document Solutions*, 499 F.3d 1078, 1081 (9th Cir. 2007); *see, e.g., Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (citing *Webb* and dismissing prisoner's claim under HIPAA for disclosure of his medical records). Inman's HIPAA claim is dismissed without leave to amend because there is no private right of action under HIPAA.

To the extent Inman urges that the disclosure of the psychiatric report in the superior court caused him to lose that case, he must seek relief in the state court action in which the document allegedly was used improperly or in the California Court of Appeal. This court does not have appellate jurisdiction over the Monterey County Superior Court or any other state court.

**CONCLUSION**

Plaintiff's complaint is dismissed with leave to amend. Plaintiff must file an amended complaint no later than **June 19, 2015**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims, except that he does not

4

need to allege his HIPAA claim again because that claim has been dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Failure to file an amended complaint by the deadline will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: May 14, 2015

_____
SUSAN ILLSTON
United States District Judge