UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JERRELL INMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DARRIN BRIGHT, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-01767-SI<br><br>**ORDER OF SERVICE**<br>Re: Dkt. No. 5 |

## INTRODUCTION

Ronald Jerrell Inman filed this *pro se* civil rights action under 42 U.S.C. § 1983 to complain about conditions of confinement at the Correctional Training Facility in Soledad ("CTF-Soledad"). Pursuant to 28 U.S.C. § 1915A, the court reviewed the complaint and dismissed it with leave to amend because Inman had not linked any defendant to his claim. Inman then filed an amended complaint, which is now before the court for review. The amended complaint will be served on four defendants.

## BACKGROUND

In his amended complaint, Inman alleges that he has an allergy to "fresh and freshly cooked onions," and becomes sick when he consumes foods containing fresh and freshly cooked onions. Dkt. No. 5 at 3. He further alleges that prison officials refuse to provide him with an onion-free diet so that he will not be sickened by eating onions, even though they provide special diets for inmates with other food allergies. He further alleges that defendants Dr. Bright, Dr. Adams and L. D. Zamora are responsible for his predicament because they have denied his inmate appeals. *See* Dkt. No. 5 at 5, Dkt. No. 5-1 at 17-18 (second level appeal response signed by Dr.

Bright and Dr. Adams); Dkt. No. 5-1 at 19-20 (director's level appeal response signed by L. Zamora).

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment's Cruel and Unusual Punishments Clause requires that prison officials provide for the health and safety of prisoners. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference to serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104. Deprivations other than denial of medical care also may establish the objective prong of an Eighth Amendment claim. The "deprivation is sufficiently serious when the prison official's act or omission results in the denial of the minimal civilized measures of life's necessities." *Foster v. Runnels*, 554 F.3d 807, 913 (9th Cir. 2009) (citations and internal quotation marks omitted). The deprivation of adequate food may be a sufficiently serious condition to establish the objective prong of an Eighth Amendment claim. *See id.* "While prison food need not be 'tasty or aesthetically pleasing,' it must be 'adequate to maintain health.'" *Keenan v. Hall*, 83 F.3d 1083,

1091 (9th Cir. 1996). Liberally construed, the *pro se* amended complaint states a cognizable claim against Dr. Bright, Dr. Adams, and L.D. Zamora for a violation of Inman's rights under the Eighth Amendment. These defendants allegedly are responsible for the denial of his request for a diet without fresh and freshly cooked onions.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Liberally construed, the *pro se* amended complaint states a cognizable claim against Dr. Bright, Dr. Adams, and L.D. Zamora for an equal protection violation because they allegedly have denied him a diet that will not make him sick whereas other inmates with food allergies receive diets that avoid those allergies.

There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Prison officials are not liable for a due process violation for simply failing to process an appeal properly, denying an inmate appeal or granting an inmate appeal. A § 1983 claim for a due process violation is not stated against any defendant.

Although defendants have no due process liability, their responses to Inman's inmate appeals may be the basis for liability for an ongoing Eighth Amendment violation or an ongoing equal protection violation. For example, if a defendant only denied an inmate appeal about a medical problem that already had occurred and been resolved, there would be no liability for a constitutional violation; however, where the problem is an ongoing medical need and the request is made in an inmate appeal to remedy the ongoing problem, liability can be based on the denial of an inmate appeal, just as it could be based on the denial of a verbal request from the inmate. *Cf. Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate

1  indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's
2  request for help). Here, Inman indicates an ongoing problem in that he has an ongoing need for a
3  diet that addresses his allergy to fresh and freshly cooked onions.

**CONCLUSION**

1. Liberally construed, the complaint states cognizable § 1983 claims against Dr. Darrin Bright, Dr. A. Adams, and L.D. Zamora for Eighth Amendment and equal protection violations. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the complaint, and a copy of this order upon the following defendants:

- Dr. Darrin Bright (chief medical officer at CTF-Soledad)
- Dr. A. Adams (chief medical executive at CTF-Soledad)
- L.D. Zamora (chief of inmate appeals at CDCR in Sacramento)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **January 22, 2016**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **February 19, 2016**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **March 3, 2016**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

1  to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every

2  pending case every time he is moved to a new facility.

3         8. Plaintiff is cautioned that he must include the case name and case number for this

4  case on any document he submits to this court for consideration in this case.

5        **IT IS SO ORDERED**.

6  Dated:  October 30, 2015

7  _____

8  SUSAN ILLSTON
United States District Judge